UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **METROPOLITAN LIFE INSURANCE COMPANY** | **CASE NO. 3:23-CV-0530** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **SARAH ELDRIDGE WOODSON AND LUKAS LINDER** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM RULING**

Before the Court is a Motion for Discharge, Dismissal, and Injunctive Relief [Doc. No. 9] ("Motion for Discharge") filed by Plaintiff in Interpleader, Metropolitan Life Insurance Company ("MetLife"). The Defendants Sara Woodson ("Woodson") and Lukas Linder ("Linder") were served on July 26, 2023 [Doc. No. 12] and on August 15, 2023 [Doc. No. 13] with the Motion for Discharge. Woodson and Linder had previously been served with the Complaint In Interpleader [Doc. No. 1] on July 6, 2023 [Doc. No. 7] and on July 9, 2023 [Doc. No. 8]. Woodson and Linder have not filed a response, so the Motion for Discharge is unopposed.

For the reasons set forth herein, MetLife's Motion for Discharge [Doc. No. 9] is **GRANTED**.

**I. BACKGROUND**

Samuel Eldridge ("Eldridge") was enrolled in an Employee Welfare Benefit Plan ("Plan") with his employer, Entergy Corporation. Eldridge participated in the Plan and enrolled in The Entergy Corporation Company's Benefits Plus Life Insurance Plan[1] ("Life Insurance Plan").

---
[1] [Doc. No. 1-2]

Eldridge died on April 18, 2020,[2] and MetLife alleges that the Life Insurance Plan provided coverage to Eldridge for $41,000.00 in life insurance benefits.

MetLife alleges it is unable to determine the proper beneficiary or beneficiaries of the Life Insurance Plan without risking double liability exposure to itself, the Plan and Entergy Corporation. To avoid the danger of double liability, MetLife filed an Interpleader on April 24, 2023,[3] and admitted that it owed $41,000.00 plus applicable interest, under the Life Insurance Plan. As a result thereof, MetLife deposited the sum of $48,773.15 into the registry of the Court.[4]

MetLife is a disinterested stakeholder, has conceded liability, has deposited the Life Insurance Plan benefits into the registry of the Court, and conceded that it has no interest in the ultimate outcome.

## II.     LAW AND ANALYSIS

Federal Rule of Civil Procedure Rule 22 allows persons with claims that may expose the plaintiff to double or multiple liability to file an interpleader to determine to whom the proceeds are owed. An interpleader action involves two stages. In the first stage, the district court decides whether the requirements for interpleader have been met. The second stage is whether the district court determines to whom the proceeds are owed. *Rhoades v. Casey*, 196 F.3d 592, 600 n. 8 (5th Cir. 1999).

In a FED. R. CIV. P. Rule 22 interpleader, where the plaintiff in interpleader is a disinterested stakeholder who has deposited with the court all funds at issue, and makes no claim to the funds deposited, the plaintiff in interpleader may be discharged from liability in connection

---

[2] [Doc. No. 1-3]
[3] [Doc. No. 1]
[4] [Doc. No. 5]

with the funds deposited and be dismissed from litigation as to claims for such funds. *Kinsey v. American Underwriters Life Ins. Co.*, 2008 WL 2812966 (W.D. La. 2008).

Additionally, a plaintiff in interpleader may be entitled to an injunction to restrain the parties from pursuing the issues in another federal court. *New York Life Ins., Co., v. Deshotel*, 142 F.3d 873, 879 (5th Cir. 1988).

MetLife has met all requirements. This Court has jurisdiction because the Plan is governed by the Employees Retirement Income Security Act of 1974, has admitted liability, has deposited the funds into the registry of the Court, and is a disinterested party seeking to avoid the possibility of multiple liability.

Therefore, MetLife's Motion for Discharge is **GRANTED.**

### III. CONCLUSION

For the reasons set forth herein, Metropolitan Life Insurance Company's Motion for Discharge, Dismissal, and Injunctive Relief [Doc. No. 9] is **GRANTED.**

**MONROE, LOUISIANA** this 28th day of August 2023.

_____
**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**